IN RE ESTATE OF CARTER: McINTOSH, EXRX., APPELLANT, *v.* CARTER, APPELLEE.

494

*Mr. J. Joseph Marr,* for appellant.
*Messrs. Condo, Walsh & Stitsinger,* for appellee.

LONG, J.   In the administration of this estate, a motion by the life tenant to vacate the approval by the court of the first account filed by the executrix was made, in which the life tenant claimed to be entitled to the rents and land-contract payments on real estate engagements made by the testatrix in her lifetime.   In the meantime, Betty C. Holmes McIntosh, daughter of the deceased, was appointed trustee according to the terms of the will.   While this motion was pending, the trustee, who was also executrix of the estate, filed an application for a declaratory judgment, praying for instructions as to the proceeds of the sale of real estate involved in the land contracts.

During the hearing of the declaratory-judgment application, an oral motion was made to remove the trustee on the ground that the appointment was made in violation of a rule of court, and, more specifically, for the reason that the trustee's interpretation of the will constitutes a direct conflict with her interest as remainderman and the payment of income to the life tenant.

It seems that the court heard all pending matters in the case at the same time and rendered judgment thereon, some of which gave rise to this appeal.

It is to the second, third and fifth assignments of error that this court wishes to direct its attention.   These claimed errors, in substance, are that the Probate Court was in error in holding that the surviving husband was entitled to the rents and payments on the land contracts during the administration of the estate, and, in that connection, in ordering the executrix to pay

the surviving husband the sum of $2,746.31; also, it is claimed that the distribution of the moneys derived from the completion of the sale of the Conklin land contract was error. In addition to these contentions, failure to sustain the appointment of Betty C. Holmes McIntosh as testamentary trustee is asserted as the fifth ground of error.

With these contentions of the appellant this court agrees.

In solving problems of this kind, the general rule is that the court's duty is to ascertain the intention of the maker of the will. Let us look at the pertinent provisions of the will.

Item V provides:

"I give, devise, and bequeath to my husband, Charles T. Carter, my real property located at 855 Hamilton Cleves Road, Hamilton, Ohio, now used as our residence, together with the furniture therein and greenhouse adjoining our home, for and during his natural life, with the right to reside therein or rent said property at his discretion, provided, however, that during his lifetime my said husband, Charles T. Carter, shall pay all encumbrances, taxes, repairs, insurance upkeep and maintenance on said property as such expenses shall become due during his lifetime, and this devise and bequest is made subject to such expenses.

"In the event that my said husband, Charles T. Carter, shall choose to rent said property to provide for his income, then and in that event, the rental from said property shall be paid to and administered by my daughter, Betty C. Holmes McIntosh, as trustee for my husband, Charles T. Carter, as hereinafter provided."

It is to be noted that, by this item, the life estate set up for the husband, in the family residence, is subject to the payment of "upkeep and maintenance" and other expenses named.

Item VI provides:

"I give and bequeath to my husband, Charles T. Carter, for and during his natural life the income from all rents and land contract payments, subject to the right, title and interest of land contract purchasers, said moneys from rents and land contract payments to be received, held, managed, controlled and administered as provided in item VIII of this, my last will and testament. I direct that my husband, Charles T. Carter, shall

pay during his lifetime all encumbrances, taxes, repairs and up-keep on properties from which he receives the income, that shall become due and payable in his lifetime, and this bequest is made subject to such expenses and encumbrances.''

We find in this item that the testatrix again charged the husband's life estate in the ''rents and land contract payments'' with the expenses of ''repairs and upkeep.'' Therefore, we conclude that it was proper for the trustee to deduct expenses before the husband's income on his life estate was computed, and that the husband is not entitled to the $2,746.31.

In this item VI, it is also provided that the husband shall receive ''the *income* from all rents and land contract payments'' during his natural life. He is not to receive the moneys, that is, the balance of the purchase price from the completion of the sale on the land contract to Susie Irene Conklin, or any other land contracts. The trustee is to receive, hold, manage, control and administer such rents and land-contract payments for the benefit of the surviving husband during his lifetime.

At this point we find it necessary to interpret the use of the words, ''at her discretion,'' as used in item VIII of the will. It is our opinion that these words define and are limited to the management and control of the rents and moneys secured from the land contracts. They in no wise give the trustee the right to determine the amount that she thinks will provide the necessary maintenance and support for the husband. To test the accuracy of this view, we quote item XII of the will:

''I have not appointed my husband as executor of this, my last will and testament, and have appointed a trustee for his trust estate by reason of the fact that either appointees has superior judgment in the management of money and property. I direct that in the event that neither of the trustees or executors appointed qualify for the appointment as such, that Mildred A. Marr, residing in Hamilton, Ohio, shall be appointed as executrix of this, my last will and testament, and as trustee for my husband, Charles T. Carter, with the powers and under the terms and conditions herein set forth.''

This item explains why the testatrix did not appoint her husband as executor and appointed trustees for his trust estate for the reason that ''either'' of the trustees ''*has superior*

*judgment in the management of money and property.*" It is in the management that the trustee is to exercise "discretion" and not in the amount of allowance of income.

It is our opinion that, after the payment of expenses of the administration of the trust estate, the husband is entitled to all the remaining income received by the trustee from the investments in rents and moneys received from the land contracts.

We now come to the removal of the trustee because of conflict of interest. If there was a conflict, this was known to the testatrix, and she made no objection to this by any provision of her will. True, if the trustee had the right to dictate the amount payable to the husband, it could be urged that the less she paid him, the more would come to the remainderman on the death of the husband. But this contingency is removed by our interpretation.

In 54 American Jurisprudence, 101, Section 115, it is stated: "An executor or administrator always is in a certain sense a trustee, and the same person may act as executor and trustee and is eligible to appointment as such." See, also, 21 American Jurisprudence, 493, Section 217; 90 Corpus Juris Secundum, 137, Section 210.

If the trustee in this case pays to the husband the balance remaining after payment of expenses, there remains "no discretion."

With respect to the payment of the costs of administration and debts, provision for this is made by Section 2107.54, Revised Code.

The judgment of the Probate Court of Butler County is modified to conform to this opinion and, as modified, is affirmed.

*Judgment modified and, as modified, affirmed.*

Matthews, P. J., and O'Connell, J., concur.